IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2016 JUN -2  AM 10: 31

CLERK
WESTERN
BY_____

MICHELLE ANDERSON and Z. A., A
MINOR,
           **Plaintiffs,**

-vs-

UNIVERSITY INTERSCHOLASTIC
LEAGUE (UIL),
           **Defendant.**

CAUSE NO.:
A-15-CA-01067-SS

## O R D E R

BE IT REMEMBERED on the 28th day of March, 2015, the Court held a hearing in the above-styled cause, and the parties appeared by and through counsel. Before the Court are Defendant University Interscholastic League (UIL)'s Amended Motion for Judgment on the Pleadings and in the Alternative, Motion to Dismiss [#26], Plaintiffs Michelle Anderson and Z.A.'s Response [#32] thereto, and the UIL's Reply [#34] in support.[1] Having considered the documents, the governing law, the arguments of the parties at hearing, and the file as a whole, the Court now enters the following opinion and orders.

### Background

This case involves a Title VI claim for intentional race-based discrimination. Plaintiffs Michelle Anderson and her minor son, Z.A., sued the UIL after a District Executive Committee (DEC) determined Z.A. transferred to DeSoto High School for "athletic purposes" after being dismissed from West Mesquite High School's football team. Section 443 of the UIL's Constitution and Contest Rules prohibits a student who changes schools for athletic purposes

---

[1] Defendants Charles Breithaupt, Jamey Harrison, and University Interscholastic League's Motion to Dismiss [#14] is DISMISSED AS MOOT.



from playing varsity athletics for one year following the change. As a result of the DEC's determination, Z.A. was denied eligibility to play varsity football his senior year.

Plaintiffs appealed the DEC's determination to the State Executive Committee (SEC). After holding two evidentiary hearings, the SEC ultimately denied Plaintiffs' appeal. Plaintiffs subsequently filed this lawsuit, alleging violations of the Texas Constitution and other state law claims. *See* Notice Removal [#1-3] Ex. A-1 (Orig. Compl.). The case was removed to this Court on November 24, 2015. *Id.* [#1]. On January 25, 2016, Plaintiffs filed an amended complaint, abandoning their prior state law claims and asserting a new claim under Title VI of the Civil Rights Acts of 1964, 42 U.S.C. § 2000d. *See* Am. Compl. [#22]. The instant motion followed. *See* Am. Mot. Dismiss [#26].

## Analysis

### I.      Legal Standard

Federal Rule of Civil Procedure 12(c) provides: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). Motions for judgment on the pleadings are "designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (internal quotation marks omitted). "A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

A motion under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P.

12(b)(6). The plaintiff must plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678. Although a plaintiff's factual allegations need not establish that the defendant is probably liable, they must establish more than a "sheer possibility" that a defendant has acted unlawfully. *Id.* Determining plausibility is a "context-specific task," and must be performed in light of a court's "judicial experience and common sense." *Id.* at 679.

In deciding a motion to dismiss under Rule 12(b)(6), a court generally accepts as true all factual allegations contained within the complaint. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). In deciding a motion to dismiss, courts may consider the complaint, as well as other sources such as documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)

## II.     Application

Plaintiffs assert a claim for disparate treatment under Title VI, alleging the UIL intentionally discriminated against them because of their race.[2] Title VI states that "[n]o person

---

[2] To the extent Plaintiffs allege disparate impact under Title VI, this claim is DISMISSED for failure to state a claim upon which relief can be granted. *See, e.g., Clyburn v. Shields*, 33 F. App'x 552, 555 (2d Cir. 2002) (rejecting the plaintiffs' "disparate impact discrimination" claim under Title VI because "no private cause of action

in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. "[O]nly public and private entities can be held liable under Title VI." *Price ex rel. Price v. La. Dep't of Educ.*, 329 F. App'x 559, 561 (5th Cir. 2009).

To prevail on a Title VI claim, Plaintiffs must prove: (1) the defendant engaged in intentional discrimination based on race, color, or national origin, and (2) the defendant received federal financial assistance. *See Alexander v. Sandoval*, 532 U.S. 275, 303 (2001) ("Title VI itself directly reaches only instances of intentional discrimination."); *Canutillo Indep. Sch. Dist. v. Leija*, 101 F.3d 393, 397 (5th Cir. 1996) ("[A] Title VI plaintiff must prove discriminatory intent.").

Even assuming the UIL is subject to Title VI's requirements for receiving federal financial assistance, which the UIL denies, Plaintiffs have failed to plead sufficient facts that, if proven, allow a plausible inference the UIL engaged in intentional discrimination. In support of their claim for intentional discrimination, Plaintiffs primarily allege (1) they were prevented from effectively presenting their entire case at the SEC hearings, in part because Chairman Mike Motheral interrupted Plaintiffs' counsel and the SEC panelists permitted witnesses to engage in "character assassination" against Z.A., and (2) two SEC panelists made prejudicial comments to Z.A. during the hearings, which Plaintiffs allege is part of the UIL's discriminatory "Minority Deflection Practice." Am Compl. [#22] ¶¶ 18, 23, 32.

First, Plaintiffs' dissatisfaction with various aspects of their SEC hearings fails to state a claim for intentional discrimination under Title VI. Chairman Motheral's occasional

exists to enforce disparate impact regulations promulgated pursuant to Title VI"); *Manley v. Tex. S. Univ.*, 107 F. Supp. 3d 712, 724 (S.D. Tex. 2015) ("[D]isparate impact allegations cannot sustain a Title VI claim.").

interruptions of Plaintiffs' counsel do not reveal intentional discrimination, nor does the SEC panelists' alleged failure to ask certain questions about Plaintiffs' evidence or prohibit witnesses from engaging in "character assassination" against Z.A. give rise to the plausible inference that Z.A. or his mother were intentionally discriminated against based on their race. Am. Compl. [#22] ¶ 23. As the UIL aptly notes, Title VI does not guarantee Plaintiffs a hearing free from interruptions or adverse testimony. *See* Am. Compl. [#26] ¶ 20.

Second, Plaintiffs point to SEC panelists James Colbert and Marcus Nelson's brief comments to Z.A. regarding his supposed "attitude problem" to prove the SEC panelists coordinated their comments as part of a "Minority Deflection Practice," which Plaintiffs define as the "systematic and pre-planned use of minority SEC members to deliver damaging, demeaning and highly-prejudicial statements that are then echoed by non-minority members of the SEC in an effort to deflect the optic of racial basis." Am. Compl. [#22] ¶ 32. Plaintiffs' allegation that the SEC panelists conspired to discriminate against Z.A. in the manner alleged does not support a plausible inference of intentional discrimination under Title VI. Rather, these allegations are purely speculative and based on an unwarranted deduction of fact.

At bottom, Plaintiffs' allegations amount to the type of "labels and conclusions" which are insufficient to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678. As a result, Plaintiffs' Title VI claim is DISMISSED.

## Conclusion

Accordingly,

IT IS ORDERED that Defendants Charles Breithaupt, Jamey Harrison, and University Interscholastic League's Motion to Dismiss [#14] is DISMISSED AS MOOT;

IT IS FURTHER ORDERED that Defendant University Interscholastic League's Amended Motion for Judgment on the Pleadings and in the Alternative, Motion to Dismiss [#26] is GRANTED; and

IT IS FINALLY ORDERED that Plaintiffs Michelle Anderson and Z.A.'s complaint is DISMISSED WITHOUT PREJUDICE.

SIGNED this the __1st__ day of June 2016.

SAM SPARKS
UNITED STATES DISTRICT JUDGE